IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| WESEN BITEW, | * |
| Appellant, | * |
| v. | * Case No.: PWG 21-cv-2963 |
| GOYTOM TEKABE, *et al.*, | * |
| Appellees. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Appellee Goytom Tekabe, through counsel, filed a Motion to Dismiss Civil Appeal or In the Alternative For Summary Affirmance and For Sanctions Pursuant to Fed. R. Bankr. P. 8020 Against Appellant. Mot., ECF No. 14. Pro Se Appellant Wesen Bitew filed a response in opposition, Resp., ECF No. 181-1, and Mr. Tekabe filed a reply, Reply, ECF No. 19. I have reviewed the filings[1] and find a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Mr. Tekabe's Motion is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

In May 2021, Mr. Bitew filed for bankruptcy in the Bankruptcy Court of this district. Mot. 2. Mr. Bitew failed to list Mr. Tekabe as a creditor, even though Mr. Bitew had allegedly defrauded Mr. Tekabe by failing to pay him as an employee and by converting $20,000 for an investment in a fictional towing company. *Id.* at 3. Mr. Tekabe, upon learning of the Chapter 13 case, filed a motion to dismiss. *Id.* Following additional briefing, the Bankruptcy Court conducted an evidentiary hearing and granted the motion to dismiss. *Id.* at 5-6. Mr. Bitew filed a motion for

---

[1] Mot., ECF No. 14; Supp. Exs. to Mot., ECF No. 17; Resp., ECF No. 18-1; Reply, ECF No. 19.

reconsideration, which Mr. Tekabe opposed. *Id.* at 6. The Bankruptcy Court denied the motion for reconsideration in November 2021, and Mr. Bitew appealed to this Court. *Id.* Mr. Bitew's Notice of Appeal was docketed on November 8, 2021. ECF No. 1.

Mr. Tekabe argues that this appeal should be dismissed because Mr. Bitew failed to comply with Federal Bankruptcy Rule 8009(a) and (b), which requires an appellant to file the record and transcript within 14 days of filing the Notice of Appeal, and Rule 8018, which requires an appellant to file his brief within 30 days of the designation of the record. Mot. 6-7. Mr. Bitew never filed the Bankruptcy Court record and transcript. *Id.* at 7. On December 14, 2021, he filed a motion for extension of time to file his brief and the new due date was set for January 2, 2022. ECF Nos. 6, 7. Mr. Bitew never filed his brief. Mot. 7. As an alternative resolution to dismissal, Mr. Tekabe asks for the remedy of summary affirmance because "[t]he standard that there is nothing in the facts which would give some controversy to the appeal here has been well met by this record." *Id.* at 9. Mr. Tekabe also asks for sanctions and attorneys' fees in accordance with Rule 8020 for the "frivolous appeal or other misconduct." *Id.*

In his response to the Motion to Dismiss, Mr. Bitew makes several factual assertions regarding the underlying bankruptcy case. He claims that the sole reason he filed for bankruptcy was "to preserve his interest in his house and home." Resp. 2. Additionally, he contends that Mr. Tekabe misrepresented the facts regarding Mr. Bitew's alleged defrauding of Mr. Tekabe. *Id.* Mr. Bitew also argues that at no point have Mr. Tekabe's interests been affected by his bankruptcy filings. *Id.* at 3. In his reply, Mr. Tekabe contends that Mr. Bitew's arguments do not support "a good faith basis for an appeal." Reply 2. Mr. Tekabe also reasserts his request for sanctions. *Id.* at 4-5.

## DISCUSSION

**I.    Dismissal for Failure to Comply with Federal Bankruptcy Rules 8009 and 8018**

Rule 8009 requires an appellant to file and serve the designation of items to be included in the record on appeal and a statement of issues to be presented within 14 days after "the appellant's notice of appeal as of right becomes effective under Rule 8002." Fed. R. Bankr. R. 8009(a)(1)(B)(i). Rule 8018 provides another deadline with which appellants must comply: "[t]he appellant must serve and file a brief within 30 days after the docketing of notice that the record has been transmitted or is available electronically." Fed. R. Bankr. P. 8018(a)(1). If an appellant fails to comply with either Rule 8009 or Rule 8018, then under Local Rules 404.2 and 404.3 respectively, the Court may "upon motion of the appellee (which is to be filed in the District Court) … dismiss the appeal … after giving the appellant an opportunity to explain the non-compliance and upon considering whether the noncompliance had prejudicial effect on the other parties." Local Rules 404.2, 404.3 (D. Md. 2021).

Here, Mr. Bitew has failed to comply with both Rule 8009 and Rule 8018. Mr. Bitew was clearly aware of the requirements of Rule 8018 – the Court filed and sent to him on or about November 18, 2021, a Bankruptcy Notification Letter stating: "The above-captioned bankruptcy appeal was docketed on November 18, 2021. Briefs must be filed and served in accordance with Bankruptcy Rule 8018. Appellant's brief is due within thirty (30) days from the date the Designation of Record is docketed." ECF No. 2. Mr. Bitew subsequently filed a motion for an extension of time to file his brief. ECF No. 6. I gave Mr. Bitew an extension until January 2, 2022, ECF No. 7, but Mr. Bitew never filed his brief. Mr. Bitew also has been informed numerous times of his failure to timely prosecute his appeal. *See* Mot. 6-8 (explaining Mr. Bitew's failure to comply with Rules 8009 and 8018). *See also* ECF No. 9 (striking Mr. Bitew's motion to allow him to file

his brief and reminding him that he "did not take the necessary steps to timely prosecute his appeal[.]"). At no point after being notified of his noncompliance with the Rules has Mr. Bitew explained why he has not complied. Mr. Bitew does not mention Rule 8009 or Rule 8018 in his response to Mr. Tekabe's Motion to Dismiss. Instead, Mr. Bitew uses his response to argue about facts in the underlying Bankruptcy Court case and the Prince Georges County case. *See* Resp. 1-3.

Mr. Bitew's failure to comply with Rules 8009 and 8018 has prolonged the disposition of this matter. Reply 5. Moreover, it is apparent that Mr. Bitew has used this litigation as a means to avoid his financial obligations to Mr. Tekabe. *See* Mot. 2-6 (describing Mr. Bitew's previous filings). I therefore find that Mr. Bitew's noncompliance has had a prejudicial effect on Mr. Tekabe and Mr. Bitew's appeal must be dismissed. Because I am dismissing Mr. Bitew's appeal for failure to comply with Rules 8009 and 8018, I need not analyze Mr. Tekabe's request in the alternative for summary affirmance.

**II.     Request for Sanctions**

A court reviewing a motion for sanctions for the filing of a frivolous appeal must determine first that the appeal is frivolous, and second, that the case is an appropriate one for imposition of sanctions. *In re Prop. Movers, L.L.C.*, 31 F. App'x 81, 84 (4th Cir. 2002). An inquiry into the frivolity of the appeal must focus on the merits of the appeal. *See id.* The Fourth Circuit has found an appeal frivolous where "the result is obvious or when the appellant's argument is wholly without merit." *Id.* Additionally, "[a] finding of frivolity is appropriate where an appellant cites no relevant cases in response to a lower court's accurate exposition of the law, and where an appellant's arguments are irrelevant to the issues in dispute." *Id.* If a court determines that a bankruptcy appeal is frivolous, it may, after giving the other party an opportunity to respond, "award just damages

and single or double costs to the appellee." Fed. R. Bankr. 8020(a). Additionally, a court "may discipline or sanction … a party appearing before it for other misconduct, including failure to comply with any court order." *Id.* at 8020(b).

The decision to award sanctions is within the discretion of the district court. *In re Meabon*, No. 3:15-CV-00398-RJC, 2017 WL 374921, at *1 (W.D.N.C. Jan. 25, 2017). While the pleadings filed so far do not give me much confidence that this appeal is meritorious, my decision to dismiss the appeal is based solely on noncompliance with procedural rules. Because I have not delved into the merits of the case, I cannot at this time make a finding of frivolity or determine that any misconduct has occurred. Thus, Mr. Tekabe's request for sanctions is denied.

## CONCLUSION

For the foregoing reasons, Mr. Tekabe's Motion to Dismiss Civil Appeal or In the Alternative For Summary Affirmance and For Sanctions Pursuant to Fed. R. Bankr. P. 8020 Against Appellant is GRANTED IN PART and DENIED IN PART.

**ORDER**

In accordance with the Memorandum Opinion, it is hereby ORDERED that Mr. Tekabe's Motion to Dismiss Civil Appeal or In the Alternative For Summary Affirmance and For Sanctions Pursuant to Fed. R. Bankr. P. 8020 Against Appellant is GRANTED IN PART and DENIED IN PART as follows:

1. Mr. Bitew's appeal is DISMISSED;

2. Mr. Tekabe's request for summary affirmance is DENIED;

3. Mr. Tekabe's request for sanctions is DENIED; and

4. The Clerk SHALL CLOSE this case and SHALL MAIL a copy of this Order to Mr. Bitew.

Date:   September 6, 2022

                                                                                         /S/
                                                                             Paul W. Grimm
                                                                             United States District Judge